UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,                          Civil No. 06-3377 (PAM/JSM)

                         Plaintiff,

v.                                                 **MEMORANDUM AND ORDER**

Dale G. Mays,

                         Defendant.

_____

        This matter is before the Court on Plaintiff's Motion for Summary Judgment.  For the

reasons that follow, the Court grants the Motion in part and denies it in part, and orders the

parties to reschedule the settlement conference that was canceled.

**BACKGROUND**

        In 2002, Defendant Dale G. Mays commenced a tax-refund action against the Internal

Revenue Service (IRS) involving his 1996 taxes.  Mays et al. v. Internal Revenue Serv., Civil

No. 02-1191 (D. Minn.) (DWF/SRN) ("the 2002 action").  On June 13, 2005, counsel for the

United States Department of Justice's Tax Division ("the Government") wrote to the Court

that "the parties have reached a settlement." (See Pl.'s Mem. in Supp. of Mot. for Summ. J.

Ex. A.)   By letter to Mays dated June 16, 2005, the Government stated that "[i]t is our

understanding that you have, during settlement negotiations, agreed to accept the offer

proposed in this letter," and requested that Mays "confirm your acceptance" by signing  and

dating the letter as well as an enclosed collateral agreement.  (Jennifer Brown Decl. Attach.

(Mays Dep.) Ex. 2.)  By letter to Mays dated July 21, 2005, the Government again asked

Mays to sign the June 16, 2005 letter and return it to the Government.  (Jennifer Brown Decl.

Ex. B.)

On September 2, 2005, the 2002 action was dismissed.[1]  (Pl.'s Mem. in Supp. of Mot. for Summ. J. at 2.)  On October 3, 2005, the IRS mistakenly refunded $6,058.69 to Mays. (Compl. ¶ 6.)  The Government contends that the IRS should have sent only $2,110.47.  (Id. ¶ 7.) Jennifer Brown, counsel for the Government in the 2002 action, submitted a declaration attesting that Mays had orally agreed to settle the 2002 action for $1,390.36 plus interest. (Jennifer Brown Decl. ¶¶ 3, 7.)   Brown further attests that she learned of the erroneous $6,058.69 payment around November 10, 2005.  (Id. ¶ 6.)

On August 18, 2006, the Government commenced this action to recover the alleged overpayment of $3,948.22.  The Government's basis was that during the 2002 action, the parties agreed that the IRS would refund Mays $1,390.36 plus interest.  (Compl. ¶ 5.) Appearing pro se, Mays responded that "[t]he refund issued by the IRS was the full and proper refund rightfully owed to the defendant," that "[t]he agreement referred to was made under duress and for health reasons," and that the Government failed to include a document "insuring defendant would not be doubly liable for tax."  (Answer ¶¶ 1, 4.)

On November 24, 2006, the parties filed a joint report pursuant to Federal Rule of Civil Procedure 26(f).  In the report, the parties stated it was undisputed that $6,058.69 had

---

[1]  Although dismissal was with prejudice, the court reserved jurisdiction for ninety days "to permit any party to move to reopen the action, for good cause shown, or to submit and file a stipulated form of final judgment, or to seek enforcement of the settlement terms."  (See Order of Dismissal, Mays et al. v. Internal Revenue Serv., Civil No. 02-1191 (Docket No. 81) (Frank, J.).)

been refunded to Mays, but that the amount due was disputed.  The Government contended

that Mays had agreed to settle the 2002 action for $1,390.36 plus interest; Mays denied that

a settlement existed.  On January 31, 2007, the Court scheduled a settlement conference for

March 15, 2007.  On March 7, 2007, the settlement conference was canceled, with direction

that the parties may contact the chambers of Magistrate Judge Janie S. Mayeron to

reschedule.

During his deposition, Mays testified that he and Brown discussed settling the 2002

action, but in defense of the Motion again denied that a settlement was ever reached.

Nonetheless, it is undisputed that Mays received $6,058.69.  The Government now seeks to

recover $3,948.22 of that amount.

**DISCUSSION**

**A.     Summary Judgment Standard**

Summary judgment is proper when the evidence viewed in a light most favorable to

the nonmoving party demonstrates that no genuine issue of material fact exists and that the

moving party is entitled to judgment as a matter of law.  Anderson v. Liberty Lobby, Inc.,

477 U.S. 242, 248 (1986).  Thus, only disputes of facts that might affect the outcome of the

suit under the governing substantive law will preclude summary judgment.  Id.  The moving

party bears the burden of showing that there are no genuine issues of material fact and that

the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); Celotex Corp.

v. Catrett, 477 U.S. 317, 322 (1986).  The nonmoving party is entitled to all inferences that

may be reasonably drawn from the underlying facts in the record.  Meriwether v. Caraustar

Packaging Co., 326 F.3d 990, 992-93 (8th Cir. 2003).   However, the nonmoving party may not merely rest upon allegations or denials in its pleadings—it must set forth specific facts showing that there is a genuine issue for trial.  Anderson, 477 U.S. at 256.

**B.      Whether Government Has Met Burden**

The Government may recover tax refunds "erroneously made" by commencing a civil action in the name of the United States.  26 U.S.C. § 7405.  The Government bears the burden of proof.  United States v. Commercial Nat'l Bank of Peoria, 874 F.2d 1165, 1169 (7th Cir. 1989).  "[T]he premise behind an erroneous refund is that the taxpayer is unjustly enriched at the expense of the government and other taxpayers. ... Usually, once the government proves that a refund is erroneous, this is sufficient to demonstrate that the taxpayer has money that it ought not to retain and that the government is entitled to recover." United States v. MacPhail, 313 F. Supp. 2d 729, 735 (S.D. Ohio 2004) (citations omitted) (granting summary judgment in favor of the government).

Considering the evidence in the light most favorable to Mays, the record shows that the parties failed to reach a settlement agreement but that Mays nonetheless received and retained $6,058.69 wrongfully.  Accordingly, the Court grants summary judgment in favor of the Government with respect to Mays lacking legal right to retain the entire amount of $6,058.69.  See United States v. Am. Inst. of Mktg. Sys., Inc., 345 F. Supp. 610, 612 (E.D. Mo. 1972) (granting summary judgment in favor of government in 26 U.S.C. § 7405 action where material fact was uncontroverted).

The remaining question is how much of the $6,058.69 the Government is entitled to

4

recover.  The Government seeks $3,948.22 plus interest.  That figure is wholly based on a purported oral settlement of the 2002 action—an action dismissed with prejudice based on the Government's representation that settlement had been reached.  However, Mays denies that he agreed to settle the 2002 action for $2,110.47.

It generally is true that parties may settle civil actions by oral agreement.  Shell v. Amalgamated Cotton Garment, 871 F. Supp. 1173, 1181 n.16 (D. Minn. 1994) (citing Jallen v. Agre, 264 Minn. 369, 373, 119 N.W.2d 739, 743 (1963)).  In such instances, "terms of the settlement should normally be stated to the court and taken down by the reporter or otherwise reduced to writing so as to prevent a dispute as to what the terms of the settlement are."  Jallen, 264 Minn. at 373, 119 N.W.2d at 743.  "Where there is a dispute as to whether settlement was reached, it is ordinarily for the trial court to determine what the facts are."  Id.  Oral settlement agreements will be enforced where there is "definite offer and acceptance."  Id.

In this situation, regrettably, a dispute over whether Mays orally accepted the Government's offer to settle the 2002 action has created a question of material fact over how much of the $6,058.69 the Government is entitled to recover.  The Court refuses to endorse any means by which a taxpayer retains funds and accrued interest to which he is not entitled.  See 26 U.S.C. § 6602 (stating that interest accrues "from the date of the payment of the refund").  However, the record does not unequivocally demonstrate that the Government is entitled to $3,948.22 plus interest on summary judgment, such that the Court could enter judgment in that amount.  Settlement efforts should recommence.

**CONCLUSION**

While Mays is not entitled to retain the $6,058.69 that the IRS erroneously mailed to him, the precise sum that he is legally obligated to return cannot be resolved on summary judgment.  Accordingly, **IT IS HEREBY ORDERED** that:

1.  The Government's Motion for Summary Judgment (Docket No. 8) is **GRANTED** in part and **DENIED** in part; and

2.  Within seven (7) days of this Order the parties shall contact the chambers of Magistrate Judge Janie S. Mayeron to reschedule the settlement conference that was canceled and shall adhere to any and all dispute resolution methods that the Court deems necessary.  See D.Minn. LR 16.5(b).

Dated: August 1, 2007

s/ Paul A. Magnuson
Paul A. Magnuson
United States District Court Judge